versus County of Luzerne Mr. Poveromo? Yes. May it please the Court, I am Carl Poveromo, and I am here today representing William Brace, the appellate in this case, and I would like to reserve three minutes for rebuttal. Thank you. May it please the Court, Mr. Brace is asking, respectfully asking this Court to reverse the District Court's order dismissing his complaint for failure to state a claim for two reasons. First, that the Pennsylvania Public Employee Forfeiture Act, which I'm going to refer to as the Forfeiture Act, did not mandate the forfeiture of his retirement benefits for Luzerne County. And secondly, that the county violated Mr. Brace's due process rights when they terminated his retirement benefits. Is there a need in this case, because it is an issue that is discussed and bears examination, but is there a need for us to determine whether Brace retained a property interest in his retirement benefits? I think it makes all the difference, Your Honor, with all due respect. When an employee meets the conditions of the retirement system for receiving retirement benefits, and in this case, actually begins to receive the retirement benefits, I submit that he has an indefeasible vested property right to his retirement benefits. Well, now, for the substantive due process case, it's got to be a fundamental, it has to be fundamental, right? And we have our Nicholas case, which said, basically, tenured public employment is not a fundamental property interest entitled to substantive due process protection, right? That's correct. Isn't this also sort of state-created contract, right? I think it's once the employee has vested and he has reached the retirement age and has begun receiving benefits, then that contract has matured into an indefeasible property right. Fundamental property right akin to personal choice in marriage and family matters? Yes, I think it's no other government benefit is more clearly earned by the employee. No other government benefit is more relied upon. A legitimate claim of entitlement to a contract claim, to a benefit under a contract? Pardon, Your Honor? Essentially, when you become a member of the retirement system, a contract is formed. That's right. But once you've met the conditions for entitlement... Fundamental, then it becomes a fundamental right protected under the substantive due process? Yes, I would argue, yes. How can it, in light of our Hill v. Borough of Kutztown case, where we said explicitly that public employment is not a fundamental right entitled to due process? If public employment is not, wouldn't we have to say, a for surei, that a benefit of public employment would not be? I would say that it is such an important benefit that it is so relied upon. So much considered as property. So vital to the independence and livelihood of the individual, and the dignity of the individual, that once a public employee starts to receive his retirement benefits, that that is an indefeasible vested property right that is subject to substantive due process protection, and that it cannot be taken away from him by the government without due process of law. Especially in this day and age where we don't know what's going to happen to Social Security. Our pensions are vital. They're vital for our livelihood. They're vital for our dignity. And they are entitled to protection from arbitrary and discriminatory action by the government. Let me spot you that position. Don't you also have to show that the determination by the county was conscience shocking? It appears that may be the case, Your Honor. You've made no allegation of bad faith. I don't think we have to use the magic words, bad faith. But I have alleged... There's got to be something more than they just got it wrong. There's got to be something very egregious. I think that... If they knew, then simply apply the statutory forfeiture criterion, presumably to the best of their ability. I mean, you may think they got it wrong. Let's assume for argument they did get it wrong. How is that conscience shocking? Well, I think it's conscience shocking in that it was premature. That it was done without any... Are you suggesting that there was a need to have some kind of evidentiary hearing on a question that appears to be one purely of law? Yes, Your Honor, I do, with all due respect. What would you have presented on behalf of Mr. Brace at such a hearing? The main thing would be a clear understanding of the facts. The facts aren't disputed here. You say that in your brief. There are no factual disputes here. The facts can be slanted or misunderstood. Even in the appellee's brief, there's a statement that Mr. Brace received a suit in exchange for supporting the efforts of a contractor. He did not receive a suit in exchange for supporting the efforts of a contractor. There was no quid pro quo here. He received a suit as a reward or a gratuity for supporting the efforts of a contractor who had already been given a contract. Well, it's still violative of Section 666. Oh, I don't doubt that. That's a legal question. It is a legal question, Your Honor, but it has to be decided in the context of the facts as the facts are clearly and accurately set forth. You're kind of sliding now into a procedural due process, aren't you? I don't think so. What I'm saying is I think the conscience-shocking aspects of this decision is that it was done secretly, that it was done hastily, that it was done erroneously without any input from Mr. Brace, that in prior cases the Luzerne County Retirement Board has sought declaratory judgment when there was a question of whether or not the offense was substantially the same as one of the enumerated offenses in the Forfeiture Act. And the case I'm referring to is the Luzerne County Retirement Board v. Sechrest, where the Pennsylvania Commonwealth Court held that conspiracy to commit one of the enumerated offenses qualifies as a... So you have an avenue in state court to have this reviewed, right? I don't believe that we really do at this point. Well, I mean, aside from a temporal issue, you could have gone to, I guess, well, at least in the federal system you can go to our court and have an agency decision reviewed often. Isn't it the same in the Pennsylvania state system? You could have gone to Commonwealth Court. I think you're probably too late. Well, I think I would have had to start, perhaps, with the Commonwealth Police Court, but that's part of the procedural due process aspect of this, is that they rendered a decision in December before my client even pled guilty. They did not even... They vacated that decision, and they did it over after he pled guilty. Well, that's not entirely correct, Your Honor, because if you look at the letter that Mr. Brace received that was dated January 26th of 2010, it states the Retirement Board voted in December 2009 to terminate your benefits effective as of... They rescinded the termination until after he pled guilty, and then it was reinstated. That's my recollection of the record. In any event, the vote was taken in December, and there was no new vote. The vote was done in December of 2009. His plea was entered on January 6th of 2010. There was no opportunity to be heard prior to the sudden cutting off of his benefits. He was not given an opportunity to challenge... Well, how about post-deprivation? Is there any way you can appeal it to them? I think that the way it was done is that the decision was tainted, that they already made their decision even before he pled guilty. I felt there was no way that Mr. Brace could receive a fair decision given what transpired. They had already made their decision. They did not want to hear from him. They never told him he had any right to a hearing or a right to appeal in any manner. Is there a right? Maybe I'm not as familiar with it as I ought to be, but is there a right in post-deprivation to have them reconsider, look at it? I suppose we could have gone to the Common Pleas Court with the mandamus. You have a right to... You're entitled to de novo review under the Pennsylvania Administrative Law. I gather you came to the District Court instead, but you did have the right to have the Board's legal findings reviewed de novo. Well, I think we were entitled to a hearing under the local agency law, which we were never given, and then a de novo review. There was no interest in getting Mr. Brace a hearing. And the right to a hearing under the local agency law would have been a pure state law matter, right? Correct. Which should have been taken to state court, whether it was Common Pleas or Commonwealth Court, which I would presume would be the appropriate jurisdiction. In most cases where a pension is forfeited, the party is given, at least is given a hearing. There is usually a hearing officer appointed, and there is a right to appeal that determination. Or sometimes the local agency simply conducts the hearing themselves without appointing a hearing officer. That's correct. But just as in the case of Roach versus the State Retirement Board, the State Retirement Board held that the federal crime of false declarations to a court or grand jury was substantially the same as perjury under Pennsylvania law. The facts weren't in dispute. The state employee had pled guilty to false declarations before a court or grand jury. But they gave him a hearing, and when he lost that hearing, he appealed, and he appealed all the way to the Commonwealth Court. And the Commonwealth Court said the decision was incorrect, that these two offenses are not substantially the same, that there's different elements between false declarations and perjury. That in order to commit perjury, the party must act willfully, and the conviction cannot be supported by the testimony of only one witness, whereas the federal crime required that the defendant act knowingly, and there was no requirement that the offense be proved by any number of witnesses. So my argument basically is just as the federal offense of false declarations, although roughly similar to the state offense of perjury, are not substantially the same, that the federal offense of corrupt receipt of reward, although roughly similar to bribery under state law, is not substantially the same. Mr. Roach, in his case, had the opportunity to invoke the discretion of a decision maker, and to have that erroneous finding overturned. All right, we'll have you back on rebuttal, Mr. Pilgrim, your time is up. Mr. Flaxman? May it please the Court, my name is Howard Flaxman, I'm representing the Luzerne Retirement Board Defendants. I think it's important, and I think the Court has focused on the fact that the two issues before the Court are due process issues and the Pension Forfeiture Act. It's my intent to argue the Pension Forfeiture Act, recognizing that the Court in its discretion certainly can ask me anything. My colleague in his time was intending to talk about the due process issues. Well, could you start maybe with, we were talking about different due process that might be available to a person like Mr. Brace. Under the local agency law, how does a person contest a decision by the Board? I think that Mr. Brace, first of all, could have brought the state court actions that he brought in federal court. Let me ask you first, is there any pre-deprivation hearing that's available? I'm not aware of one, Your Honor. I think it certainly, there are circumstances where there are pre-deprivation hearings if the facts are at issue. I don't think necessarily, certainly it's our argument that it was not required in this particular instance because there were no factual issues in doubt. It was clear exactly what had occurred and there were no issues and there was no discretion on the part of the Retirement Board under the forfeiture statute. One of the things I did want to bring to the Court's attention is that in the substantially the same argument that is being made under the Pension Forfeiture Act, in order to decide that, I think the Court is being asked to decide an issue that it has never decided before nor has the Supreme Court of the United States and about which the Court has identified an earnest split among the circuits and that issue is whether... Do we have to reach it? I don't think you do and I think it can be avoided because I think the two statutes at issue are substantially the same. Do we have to reach that issue? No, I don't believe so. I don't think under due process, the analysis under due process would require you to do that. Certainly, I don't think that there is a fundamental right to a pension under substantive due process standard. There is no case law whatsoever anywhere that suggests that there is and I think I'm stealing my colleague's thunder, but there is certainly nothing out there and as the Court pointed out, if public employment is not protected by substantive due process, one of the emoluments of public employment, which would be a pension, should not be and even with respect to the property right as to a pension, I think when you're looking at a pension right, you're looking at one that is created by state law. State law pensions are subject to forfeiture if the office is sold. Let me ask you a question about that. You said we were required to do this. That may be a little bit of an overstatement. Apparently, your board got together and said, we think that they're substantially similar and therefore we're going to do this. What's the process that happens there? It gets brought up, there's a vote? The only record we have as to what occurred here was the letter that was sent to Mr. Brace, which indicated that at any meeting, the board unanimously determined that if in fact the guilty plea that he made was accepted by the Court, that his benefits would be terminated under the Pension Forfeiture Act because he had committed a crime substantially the same as one of the enumerated crimes. That is the only thing on the record. Presumably other things could have occurred, but in this instance, given the fact that there were no factual disputes as to what had occurred, there was nothing else that was done. But I think the Court is correct. I don't think any decision has to be made under the substantially similar portion of the case. The rights that existed, whether they're substantive due process or procedural due process, don't require that determination and certainly the issues concerning shocking the conscience of the Court. That would properly be before the Commonwealth Court, right? That's the correctness of the substantive decision. Yes. I mean, it would have been, whether it was Commonwealth Police Court as it was... Commonwealth Court ultimately, but I think that that would be the appropriate spot. Yes, sir. Just one passing question. You raised qualified immunity of the board members in your brief. Was that raised below? Yes, Your Honor. There was no decision in Judge Caputo's case on that. I didn't see any decision on it. But it was raised below. Thank you. Thank you very much. Mr. Wolfe. Good morning, Your Honor. This is Joel Wolfe on behalf of the County of the Friends, Luzerne County and the individuals in their individual capacities as county officials. You've touched on many of the topics which I wish to discuss. So I'd like to just point out a couple of things. It seems to me that the panel is aware that there is a distinction when it comes to property rights in the analysis between procedural due process and substantive due process. Clearly, there is a higher standard when analyzing whether or not there is a property right under a substantive due process claim. Mr. Brace has had a number of opportunities to provide the District Court and now the Third Circuit with any case law which would support his position, that is, that he had a property right under his substantive due process claim. He hasn't. There's good reason, because it's just not out there. As the Nicholas case states, when courts are faced with making determinations as to whether or not there's a property right under a substantive due process analysis, history counsels use caution and restraint. That's a property right which is very sparingly given, because it typically arises in areas such as marriage and family raising. With regard to the procedural due process claim, to the extent there's a property right, we're not conceding that there is, for a procedural due process claim, that property right is defined by state law. And to the extent he, Mr. Brace, disputed the determination made by the Board, the property remedy is to file a claim in the state courts and dispute the determination that the Board made. Mr. Brace's counsel referenced secret, hastily made decisions that were made with procedural illegalities. I don't see anything of that nature alleged in the complaint, so I don't believe it's before the Court. With regard to the timing of the matters, Mr. Brace did, in fact, enter into a guilty plea agreement, and then the decision was made, which was later rescinded, but the decision was made to terminate his benefits. So at that point in time, the Board had the facts that they needed. They knew that he pled guilty. The determination after the guilty plea had been accepted, correct? That's right, that's correct. With regard to the local agency laws and what remedies were available, I'm afraid I don't have any specific answers for you, other than to say that if there were specific remedies, if there was a specific right to a hearing, if there was a specific right to question or examine witnesses in the local agency law, it's certainly not provided to the District Court or the Third Circuit in the pleadings. The local agency law is referenced, but there's nothing specific in there to give Mr. Brace the right to a hearing. And as the panel has already touched on, there are no factual issues here. The purpose of a hearing is to clarify any factual disputes for an adversely affected person. I have a citation to your local agency law, Section 553, which says no adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice in a hearing and an opportunity to be heard. Is that in the complaint? I don't have the complaint in front of me, but I have the two Pennsylvania Consolidated Statutes, Section 553 in front of me, though. Local agency law? Yes, local agency law. I looked at it in the complaint. If it's there, I couldn't find it. I looked again right before I came up. Again, I go back to the purpose of the hearing. The purpose of a hearing is to allow an adversely affected person to tell a side of the story, to clarify any factual discrepancies, to make sure that the decision maker or decision makers have all the facts that they need to make the decision. That wasn't the case here. What he wanted was an opportunity to debate their interpretation of the Forfeiture Act. That's really all I have, Your Honors. If you have any questions. Thank you very much. Just very briefly, I did cite the local agency law. In paragraph 23 of the plaintiff's complaint, which is in the appendix at page 18, I referenced it. I did refer to the local agency law. I did contend that we were entitled to a hearing under the local agency law, that we didn't receive it, and that as a result of the county's conduct, that we were basically deprived of any right to a fair hearing before the Retirement Board or the courts of the Commonwealth. I submit that we weren't required to bring our complaint in state court, that under the Federal Declaratory Judgment Act, 20 U.S.C. 2201, we had the option to bring that matter before the district court along with our 1983 action. I would also like to state that I think, for the most part, this case will rise or fall on whether the court finds that the federal crime and the state crime are or are not substantially the same. I believe, for the reasons that I cited in my brief, that they are not substantially the same, that they're two different crimes with two different sets of elements, that Mr. Brace could not have been found guilty of bribery under state law, because there was no quid pro quo, there was no pecuniary benefit given in exchange for official action, which is required under the Pennsylvania bribery law. So, given that, I believe it's incumbent upon the court to address both the substantive due process issue and the procedural due process issue deciding this case. So, unless there's any questions, I have nothing further. Thank you very much, Mr. Poveroma. Thank you. Thank you very much to all of counsel for your helpful arguments.